**Jackie Wayne WHITLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45658.**

Court of Criminal Appeals of Texas.

July 28, 1972.

J. Charles Whitfield, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

The conviction was for passing as true a forged instrument. The punishment was assessed at 5 years.

On September 7, 1971, the appellant waived trial by jury and entered a plea of guilty before the court. After the entry of the judgment on the same date, the appellant waived the time in which to file a motion for new trial or in arrest of judgment and was sentenced. Notice of appeal was given. The appeal bond was set at $500.00 and was duly executed. The appellant is free on bail.

There is no transcription of the court reporter's notes in the record before us, and there are no bills of exception.

■ The appellant's retained counsel filed a brief in the trial court which candidly states that the appeal was taken at the insistence of the appellant "for the purpose of obtaining time to handle personal affairs."

No grounds of error are set forth as required by Article 40.09 § 9, Vernon's Ann. C.C.P.

Nothing is presented for review.

■ While the candor of appellant's counsel is appreciated, the bench and the bar should discourage appeals which are taken for the sake of delay alone. Our criminal appellate system is already overburdened without the necessity of taking time to dispose of appeals for delay only.

The judgment is affirmed.

ROBERTS, J., not participating.